563 P.2d 912

**Rosalie ALVARADO, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Motorola, Inc., Respondent Employer,**

**Motorola, Inc., Respondent Carrier.**

**No. 1 CA–IC 1522.**

Court of Appeals of Arizona, Division 1, Department C.

March 15, 1977.

Rehearing Denied April 12, 1977.

Review Denied May 10, 1977.

Alston & Edwards, by Cecil A. Edwards, Jr., Phoenix, for petitioner.

John H. Budd, Jr. Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Evans, Kitchel & Jenckes, PC by James G. Speer, Phoenix, for respondents employer and carrier.

OPINION

OGG, Judge.

In this special action we are called upon to review an award of the Industrial Commission finding petitioner to be without permanent residual disability causally related to the alleged industrial injury and denying to her permanent workmen's compensation benefits.

The petitioner Rosalie Alvarado, while in the employ of the respondent Motorola Incorporated, sustained an injury diagnosed in May, 1973, as contact dermatitis, a rashlike irritation of the skin. The injury was allegedly precipitated by contact with certain chemicals used by petitioner in her employment at Motorola.

Petitioner was accepted for workmen's compensation benefits by Motorola on June 7, 1973, and was likewise terminated for benefits on July 13, 1973, as of June 10, 1973. Thereafter the petitioner continued to have problems with periodic flareups of dermatitis and sought a hearing pursuant to the termination of her benefits. A hearing was held and temporary compensation benefits were ordered resumed by the Industrial Commission conforming to the periodic dermatitis flareups. These benefits were subsequently terminated by Motorola on April 10, 1975, and petitioner again filed a request for hearing. On December 3, 1975, the Industrial Commission entered a Decision Upon Hearing and Findings and Award for Temporary Disability (Occupational Disease) finding petitioner to be without permanent functional disability and dismissing her claim for permanent workmen's compensation benefits. The award was affirmed on review and this special action followed.

At the second hearing before the Industrial Commission relevant to this review, testimony was elicited from two doctors specializing in dermatology: Carl Yarbrough, M.D., petitioner's treating physician, and R. D. Hagerman, M.D. The testimony of both doctors regarding petitioner's injury and disability is in virtual agreement. Both doctors testified that petitioner's skin ailment in May, 1973, was in all probability causally connected to her physical contact with two particular chemicals while employed at Motorola. In addition, both doctors stated that it was difficult to determine the precise cause of petitioner's subsequent dermatitis flareups, but agreed that due to the severity of her original reaction petitioner would be more susceptible to flareups when in contact with the same chemicals or chemicals of similar composition or combination as those causing her original injury. Dr. Yarbrough testified that assuming petitioner was capable of avoiding contact with these chemicals future flareups causally connected to the original reaction were unlikely. Dr. Hagerman found no evidence of permanent disability and recommended only that petitioner avoid future contact with these and similar irritants.

The petitioner also testified at the second hearing and stated that since her discharge from the care of Dr. Yarbrough on December 5, 1974, her dermatitis has improved greatly except for occasionally small flareups on her hands and feet. She also stated that at the time of the hearing she was permanently employed on a fulltime basis as a nurse's aide earning a wage in excess of that earned at Motorola.

Petitioner's sole allegation on this review is that the Industrial Commission erred in its award of December 3, 1975, finding no permanent functional impairment or disability causally related to the original industrial incident of May, 1973. Petitioner contends that there was sufficient objective evidence adduced at the hearing to find petitioner, as a result of the industrial incident, is now dispossessed of the ability to work with chemical solvents similar to those causing her reaction and therefore is permanently disabled by being medically precluded from continuing in employment similar to that in which she was engaged at the time of her ailment.

As authority for this proposition, petitioner relies on the case of *Langbell v. Industrial Commission,* 111 Ariz. 328, 529 P.2d 227 (1974). In *Langbell* a workman sustained an injury to his eye which, although substantially corrected by surgery, resulted in doctor's orders forbidding him from again engaging in heavy construction work in which he had been employed for forty years. Accordingly, the Arizona Supreme Court was presented with the question of whether an industrial injury which caused no general physical functional disability, but nonetheless precluded the injured work-

man from again engaging in gainful employment, was compensable for lost earnings under workmen's compensation.

The Court held that where a workman is injured and as a direct result is unable to perform his normal work activities without substantial risk of reinjury, he has incurred a permanent disability within the meaning of workmen's compensation. The Court implied a permanent functional disability from an injury not disabling in the usual sense, but which prevented the workman from pursuing gainful employment.

In the instant case the claimant was precluded from gainful employment as a direct result of the industrially related injury to the left eye. After 40 years in carpentry and construction, he is no longer employable. He can no longer sell his services on the open labor market, even though, as all parties agree, he has made a conscientious effort to do so. The claimant is just as precluded from gainful employment as if a specific disability had been found. *Id.* at 331, 529 P.2d at 230.

The distinguishing feature between *Langbell* and the instant case is the degree of permanent severity of the injury and the extent to which the workman is precluded from again engaging in gainful employment. The fundamental thrust of *Langbell* is to provide permanent workmen's compensation benefits to a workman who sustains an injury which is not inherently disabling but which presents a substantial risk of re-aggravation with grave consequences such that he is forever precluded from seeking gainful employment. *Langbell* is a highly specialized case intended to be applied on a case by case basis; the universal application of its doctrine could open the floodgates to various specious claims for permanent disability founded upon specific maladies and allergic reactions disabling only to the extent that the workman is prevented from performing a specific task or engaging in a certain type of occupation.

In the instant case the record discloses that Mrs. Alvarado is precluded by doctor's orders only from working with certain specific chemicals used in a specialized department at Motorola. This disability does not prevent her from engaging in other employment and at the time of the hearing she was permanently engaged in another full-time occupation without complaint or disability. We therefore find *Langbell* factually distinguishable from the instant case and dismiss the contended application of its doctrine in support of an award of permanent disability.

The award of the Industrial Commission is affirmed.

JACOBSON, P. J., and FROEB, C. J., concur.