592 P.2d 388

**John R. ORTEGA, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Carpet Control, Inc., Respondent Employer,**

**Home Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 2030.**

Court of Appeals of Arizona,
Division 1,
Department C.

March 13, 1979.

---

Gorey & Delaney by Edgar M. Delaney, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Burch, Cracchiolo, Levie, Guyer & Weyl, P. A. by John F. Day, J. Lawrence McCormley, Phoenix, for respondents Employer and Carrier.

## OPINION

FROEB, Judge.

Petitioner John R. Ortega, who has sustained four hernias during his years of employment with respondent employer Carpet Control, Inc., brings this special action to review the award of the hearing officer that his most recent hernia did not cause any permanent disability.

His arguments are: (1) Since the latest hernia was found to be a class one hernia under A.R.S. § 23–1043, there is a statutory presumption of partial permanent disability, and (2) he has established by evidence a permanent disability attributable to the hernia.

We hold that § 23–1043 creates no statutory presumption of permanent disability for class one hernias and that the evidence reasonably supports the hearing officer's award.

Petitioner's most recent hernia occurred on October 29, 1976. The claim was accepted by the Industrial Commission for benefits. Petitioner's benefits were changed from total temporary compensation to partial temporary compensation in December 1976. That same month F. Darwin Zahn, M.D., petitioner's treating physician, released him to work with a restriction

against heavy lifting. Petitioner's employer wrote a letter to the Industrial Commission stating:

> Due to our nature of work, there is nothing that we can give Mr. Ortega at this time, as our work is Carpet Installations and requires lifting at all times.

> Mr. Ortega is a carpet installer and needs to be at 100% peak to be able to perform his duties with our company. There is no light or limited duties available.

> Mr. Ortega has had four hernias in the last three years. I feel that his return to carpet installing will only result in his return to the hospital with another injury of the same type.

Formal hearings were held to determine whether petitioner should receive additional benefits. The hearing officer, in his June 24, 1977, award, determined that petitioner had a direct traumatic hernia pursuant to § 23–1043(1). In his findings, he stated:

> Applicant is entitled to total temporary disability compensation pursuant to A.R.S. § 23–1043(1) from December 25, 1976 until his condition referable to the industrial accident became or becomes stationary; that while the evidence shows that as a result of the applicant's industrial injury he should not return to his occupation as a carpet layer the evidence is insufficient to determine that this has caused any lessening of the applicant's earning capacity in order to result in a partial permanent disability pursuant to Paragraph 1 of A.R.S. § 23–1043 and accordingly such a determination is left to further administrative proceedings by the defendant insurance carrier.

This award became final.

On October 11, 1977, a notice of claim status was issued by respondent carrier terminating temporary compensation and active medical treatment as of September 23, 1977, and determining that no permanent disability had resulted from the injury.

In February 1978, a formal hearing was held to determine whether the October 1976 hernia had resulted in permanent disability. The hearing officer's award of April 7, 1978, found that there was no permanent disability.

Petitioner's first argument on review is that § 23–1043(1) creates a statutory presumption of permanent disability and that the hearing officer should have limited his consideration to petitioner's loss of earning capacity. The pertinent language of paragraph 1 of § 23–1043 is as follows:

> Such injury [a real traumatic hernia] will be compensated as a temporary total disability and as a partial permanent disability, depending upon the lessening of the injured individual's earning capacity.

We agree with the hearing officer's analysis, which is set out in his findings:

> 4. Applicant argues that the above quoted section of the statute provides a conclusive presumption of partial permanent disability and the only issue to be determined should be the loss of applicant's earning capacity, if any, from the injury; it is conceded that the quoted language is ambiguous, but it is felt that when a statute is ambiguous and there is no authority interpreting the same, it is necessary to try to ascertain the intent of the Legislature.

> 5. That since the enactment of the Workmen's Compensation Law in Arizona, disability compensation benefits have been paid under a three stage compensation plan: (1) Temporary total benefits; (2) temporary partial benefits and; (3) permanent partial benefits if indicated.

> \*   \*   \*   \*   \*   \*

> 8. It is submitted that to conclusively presume a permanent partial disability before there is a medical finding of any permanent disability or to attempt a determination of loss of earning capacity, if in fact there has been no medical finding of any permanent disability related to the industrial injury is illogical and puts the cart before the horse and is inconsistent with the concept of three stage compensation; accordingly, it is found that the quoted language of Paragraph 1 of Section 23–1043 . . . above is not intended to change the traditional concept of three stage compensation.

■ It is a fundamental principle of Arizona workmen's compensation law that the

Industrial Commission is not required to continue benefits beyond the period of temporary disability absent a showing of permanent disability related to the industrial incident. *Cardinale v. Industrial Commission*, 116 Ariz. 342, 569 P.2d 284 (App.1977).

Section 23 -1043(1) should be read in harmony with the rest of the compensation act which provides for benefits in accordance with the three-stage concept of compensation. The legislature did not intend that a claimant be entitled to benefits in absence of any disability. That, however, could be the result under petitioner's interpretation of § 23–1043(1). We hold that § 23–1043(1) does not create a presumption of permanent disability.

Accordingly, the hearing officer correctly determined that loss of earning capacity was not the only issue before him. The issue of loss of earning capacity could not arise until petitioner had shown a permanent disability related to the industrial injury.

Petitioner's second argument is that, even in the absence of a statutory presumption of permanent disability, he established by evidence a permanent disability attributable to the industrial accident.

We view the evidence in the light most favorable to sustaining the award. The award can only be set aside if there is no reasonable basis for its conclusion. *Reynolds Metals Co. v. Industrial Commission*, 119 Ariz. 566, 582 P.2d 656 (App.1978). Further, it is the hearing officer's obligation to resolve conflicting medical evidence, and his resolution will not be disturbed unless it is wholly unreasonable. *Bergstresser v. Industrial Commission*, 118 Ariz. 155, 575 P.2d 354 (App.1978).

Petitioner's doctors, Dr. Zahn and Philip Z. Saba, M.D., both of whom specialize in general surgery, suggested that he not return to employment as a carpet layer. It was the opinion of Charles I. Fisher, M.D., however, that there was no reason for any restriction of activity due to the October 1976 hernia or its repair. All three doctors testified that there was good surgical repair of the October 1976 hernia. Neither Dr. Zahn nor Dr. Saba stated that their

recommendation against employment as a carpet layer was related to the October 1976 hernia or its repair. Rather, they both felt that petitioner's anatomical makeup was responsible for his susceptibility to herniation.

Thus, the hearing officer was well within his discretion in adopting Dr. Fisher's opinion. He stated in his findings:

[T]he opinion of Doctor Zahn that applicant should not return to carpet laying and of Dr. Saba that applicant should probably find other form of employment is considered to be good medical advice but in the nature of preventative medicine in light of applicant's susceptibility to sustain hernias rather than the basis for a permanent disability causally related to the hernia sustained on October 29, 1976.

Petitioner urges that *Langbell v. Industrial Commission*, 111 Ariz. 328, 529 P.2d 227 (1974), requires that we find a permanent disability. In *Langbell* the Arizona Supreme Court said:

We hold that when a workman suffers an industrial injury and as a direct result of that injury he is unable to perform his normal work activities without incurring a substantial risk of reinjury, then he does in fact have a permanent physical disability or loss of function within the meaning of the Workmen's Compensation Act.

111 Ariz. at 331, 529 P.2d at 230.

We find that *Langbell* does not apply to petitioner's case. *Langbell* has limited application as it was based on a particular set of facts. *Olszewski v. Industrial Commission*, 113 Ariz. 282, 551 P.2d 551 (1976). In *Langbell* the workman's doctor forbade continued employment in the construction field because of an eye injury which, though corrected by surgery, posed a substantial risk of reinjury. Thus, Langbell, who had no general physical disability, was nonetheless compensated for a permanent disability because he was precluded from engaging in gainful employment.

That, however, is not this petitioner's situation. Petitioner has been advised not to return to carpet laying because of his own

anatomical susceptibility to herniation, not because of the October 1976 hernia. Dr. Fisher testified that the area of the 1976 hernia is stronger now than before the hernia because of the surgery. Petitioner is not precluded from all gainful employment by risk of reinjury of the repaired hernia. We find, therefore, that *Langbell* is distinguishable and inapplicable to the present case. *Alvarado v. Industrial Commission*, 115 Ariz. 113, 563 P.2d 912 (App.1977).

Award affirmed.

EUBANK, P. J., and HAIRE, J., concur.