764 P.2d 745

**JOHNSON–MANLEY LUMBER,**
Petitioner Employer,

**Orion Group, Petitioner Carrier,**

v.

The **INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Richard Russell, Respondent Employee.**

**JOHNSON–MANLEY LUMBER,**
Petitioner Employer,

**Orion Group, Petitioner Carrier,**

v.

The **INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Richard Russell, Respondent Employee,**

**Tibshraeny Brothers Construction,**
Respondent Employer,

**State Compensation Fund,**
Respondent Carrier.

**JOHNSON–MANLEY LUMBER,**
Petitioner Employer,

**Orion Group, Petitioner Carrier,**

v.

The **INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Richard Russell, Respondent Employee,**

**King Construction Company,**
Respondent Employer,

**Sentry Insurance Company,**
Respondent Carrier.

No. 2 CA–IC 87–0005.

Court of Appeals of Arizona,
Division 2, Department B.

July 5, 1988.

Reconsideration Denied Aug. 15, 1988.

Review Denied Nov. 29, 1988.

Wisniewski & Fendon by Don A. Fendon and Jonathan H. Grinder, Phoenix, for petitioners.

Industrial Commission of Arizona by Catherine A. Fuller, Chief Counsel, Phoenix, for respondent.

Tretschok, McNamara & Clymer, P.C. by Jeffrey L. Patten, Tucson, for respondent Employee.

State Compensation Fund by Christopher E. Kamper, Chief Counsel, Smith Michael and Mark R. Christensen, Tucson, for respondents Employer Tibshraeny Bros. Const. and Carrier State Compensation Fund.

Lewis and Roca by Merton E. Marks and R. Todd Lundmark, Phoenix, for respondents Employer King Const. and Carrier Sentry Ins.

## OPINION

FERNANDEZ, Judge.

The employee in this workers' compensation case suffered industrial injuries in 1967, 1972 and 1985. The administrative law judge found that his physical condition was causally related to the 1985 injury and awarded continuing medical and temporary disability benefits under the successive injury doctrine. The judge denied the claimant's petition to reopen with regard to the injuries of 1967 and 1972. In this special action seeking review of the award, the 1985 employer and its insurance carrier

contend that insufficient evidence was presented to support the award. We disagree and affirm.

The employee, Richard J. Russell, has suffered three compensable injuries to his back during the last twenty years. His doctor since 1969 has been Jacob Redekop, an orthopedic surgeon. The first injury occurred in January 1967 as Russell was lifting timbers for his employer, Tibshraeny Brothers Construction. Dr. Redekop testified that Russell damaged the annulus fibrous tissue, but the injury healed sufficiently so that he could continue working. In May 1972, the claim was closed with a 15% permanent impairment rating.

On September 25, 1972, while working for King Construction Company, Russell suffered another back injury which, according to Dr. Redekop, caused further disc rupture and resulted in sciatica. A lumbar laminectomy was performed in November 1972 to remove a herniated nucleus pulposus at lumbar 4-5. In addition, the disc rupture caused spondylolisthesis, a slippage of the vertebrae at L4-5. Following the 1972 surgery, spinal stenosis developed. The 1972 claim was closed in January 1973 with no additional permanent impairment awarded. In July 1980, Russell petitioned to reopen both claims. Only the 1967 claim was reopened, and in May 1981, he underwent further back surgery to free up the nerve root and the spinal cord and to decompress the dura. The 1967 claim was then charged with an additional 5% permanent impairment, resulting in a total impairment of 20%.

On May 15, 1985, Russell injured his back moving washers and dryers. At the time he was working for petitioner Johnson–Manley Lumber. Dr. Redekop treated him conservatively with a back brace, medication and physical therapy. The claim for that injury was accepted for benefits and closed one year later on May 15, 1986, without a finding of permanent impairment.

Russell requested a hearing on the denial of his petition to reopen the claims on the 1967 and 1972 injuries and the closure of the 1985 claim without a finding of permanent disability. Four separate hearings were held in the spring of 1987, during which five physicians testified. Based on Russell's increasing subjective complaints and his spondylolisthesis, Dr. Redekop testified that he had concluded that Russell would benefit from a spinal fusion operation. The administrative law judge denied the petition to reopen the 1967 and 1972 claims. On the 1985 claim, Russell was awarded medical, surgical, hospital and compensation benefits until his condition becomes medically stationary.

## DOES THE EVIDENCE SUPPORT THE AWARD?

When the result of an accident is one not clearly apparent to a lay person, the physical condition of the injured employee and the causal relationship of the accident to that condition must be determined by expert medical testimony. *McNeely v. Industrial Commission,* 108 Ariz. 453, 501 P.2d 555 (1972). Furthermore, conflicts in medical testimony must be resolved by the hearing officer. *Ortega v. Industrial Commission,* 121 Ariz. 554, 592 P.2d 388 (App.1979). In this case, the administrative law judge applied the successive injury doctrine, "a rule of nonapportionment which, as between potentially liable parties, imposes full liability on the one responsible for the last industrial injury." *Vishinskas v. Industrial Commission,* 147 Ariz. 574, 577–78, 711 P.2d 1247, 1250–51 (App.1985).

Petitioners contend that Russell's 1985 injury was medically stationary a year after the injury and that the injury constituted only a temporary aggravation of his pre-existing condition, thereby precluding application of the successive injury doctrine. In support of that position, petitioners cite the testimony of the doctors, two of whom testified that Russell suffered no permanent impairment from his 1985 injury and one of whom testified that he was medically stationary on May 15, 1986.

The parties disagree as to whether Dr. Redekop's testimony supports the award. Petitioners cite Dr. Redekop's testimony

that as of May 15, 1986, Russell's condition was medically stationary with no permanent impairment. Although that testimony may appear to be contradictory to his subsequent recommendation of additional surgery, it could be construed by the administrative law judge as a statement of Russell's physical condition as of the time of the hearing in 1987 as opposed to the date in 1986 when the 1985 claim was closed. Indeed, the evidence was that Russell had undergone two diagnostic tests subsequent to the closing of that claim and that Dr. Redekop's surgery recommendation was based in part on those tests. The need for active medical treatment aimed at improving his condition establishes that Russell's condition was not medically stationary. *Jessie's Boat Shop & R.V. Repair v. Industrial Commission,* 155 Ariz. 380, 746 P.2d 1310 (App.1987); *Home Insurance Co. v. Industrial Commission,* 23 Ariz. App. 90, 530 P.2d 1123 (1975).

■ Petitioners also contend that Dr. Redekop's testimony was equivocal because he testified that the 1985 injury was not a "great" contributory factor to Russell's symptoms and because he stated he was unable to quantify the degree of contribution to Russell's symptomatology attributable to the 1985 injury. It is only necessary that an industrial injury be *a* cause of a claimant's condition at the time of the hearing, rather than the primary cause or a significant cause. *Industrial Indemnity Co. v. Industrial Commission,* 152 Ariz. 195, 731 P.2d 90 (App.1986); *McNeely v. Industrial Commission, supra.* Thus, the use of terms such as "contributed somewhat" and not "a great contributory factor," and the doctor's inability to quantify the degree of contribution do not bring the case within the rule of *Helmericks v. AiResearch Manufacturing Co. of Arizona,* 88 Ariz. 413, 357 P.2d 152 (1960).

As to whether the surgery is "reasonably required" under A.R.S. § 23–1062(A), we find there was a conflict of medical opinion. Dr. Redekop testified that the reason he would not say that the surgery was "required" was that there were definite risks

involved and that the goals for the surgery were limited but that it was the only treatment which might benefit Russell. The administrative law judge found that Russell is in need of continuing active medical care to improve his condition. *Home Insurance Co. v. Industrial Commission, supra.* Our courts have held that the Workers' Compensation Act should be liberally construed in order to achieve its purpose of compensating injured workers. *Regnier v. Industrial Commission,* 146 Ariz. 535, 707 P.2d 333 (App.1985); *Skyview Cooling Co. v. Industrial Commission,* 142 Ariz. 554, 691 P.2d 320 (App. 1984). In view of that policy, we do not find an award unreasonable which provides Russell access to a procedure that both he and his treating physician have agreed upon simply because there are no guarantees of success and because the goals of the surgery are limited.

■ It is the duty of the administrative law judge to resolve all conflicts in the evidence and to draw inferences from that evidence. When more than one inference may be drawn, the administrative law judge may choose either, and we will not reject that choice unless it is wholly unreasonable. *Royal Globe Insurance Co. v. Industrial Commission,* 20 Ariz.App. 432, 513 P.2d 970 (1973). Under the successive injury doctrine, the last in a chain of potentially responsible parties is liable for the whole injury, irrespective of the relative weight of the contribution of the last accident. "Indeed, the subsequent activity may be merely the proverbial last straw." *Pearce Development v. Industrial Commission,* 147 Ariz. 598, 603, 712 P.2d 445, 450 (App.), adopted in part and vacated in part on other grounds, 147 Ariz. 582, 712 P.2d 429 (1985). We find sufficient evidence in the record to justify the award.

Affirmed.

LIVERMORE, P.J., and ROLL, J., concur.