NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CONCEPCION FONSECA, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

DOLE FRESH VEGETABLES, INC., *Respondent Employer,*

DOLE FOOD COMPANY, INC., *Respondent Carrier.*

No. 1 CA-IC 14-0027
FILED 12-04-2014

---

Special Action – Industrial Commission
ICA Claim No.  20123-520177
Carrier Claim No. 30121236848-0001
The Honorable JoAnn C. Gaffaney, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Concepcion Fonseca, Yuma
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent ICA*

Jardine Baker Hickman & Houston PLLC, Phoenix
By Stephen M. Venezia
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

---

**J O N E S**, Judge:

¶1        Concepcion Fonseca (Claimant) seeks special action review of an Industrial Commission of Arizona (ICA) award and decision upon review, in which the administrative law judge (ALJ) found her medical conditions became stationary on March 3, 2013, with no permanent impairment.  Although Claimant raises multiple issues in her opening brief,[1] the only issue properly before us is whether the ALJ's findings and award were reasonably supported by the record.  Based upon the ALJ's resolution of conflicting medical opinions, we conclude reasonable evidence exists in the record to support the award.  Accordingly, we affirm.

## JURISDICTION AND STANDARD OF REVIEW

¶2        We have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(2)[2] and 23-951(A), and Arizona Rule of Procedure for Special Actions 10.  When reviewing ICA's findings and awards, we defer

---

[1]        Specifically, Claimant raised the following issues: (1) whether the respondent employer had workers' compensation insurance; (2) whether the respondent employer discriminated against her in violation of Arizona law; and (3) whether she qualified for Time Lost Benefits.  As Claimant did not raise these issues to the ALJ, we will not consider them.  *T.W.M. Custom Framing v. Indus. Comm'n*, 198 Ariz. 41, 44, ¶ 4, 6 P.3d 745, 748 (App. 2000) (noting "this Court generally will not consider on appeal issues not raised before the I[ndustrial Commission]").

[2]        Absent material revisions from the relevant date, we cite a statute's current version.

to the ALJ's factual findings, but review questions of law *de novo.* *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003).

## FACTS[3] AND PROCEDURAL HISTORY

**¶3**        The respondent employer, Dole Fresh Vegetables, Inc. (Dole), employed Claimant as a packer. Her job duties included "packing and taping lettuce." On December 11, 2012, Claimant slipped on a wet dirt road and fell onto her back. Claimant experienced pain in her neck, upper and middle back, and left hip and arm as a result of the fall. She filed a worker's compensation claim, which was accepted for benefits.

**¶4**        On the day she fell, Claimant was treated by Dr. David Smock at Foothills Walk-In Medical Care & Urgent Care in Yuma, Arizona, and x-rays revealed no significant damage. Dr. Smock diagnosed Claimant with back and arm pain, and prescribed pain medication and a Toradol injection; she was also referred for physical therapy. Claimant was released to work.[4]

**¶5**        Claimant was then referred to Dr. James Serocki, an orthopedic surgeon. At her initial consultation, Claimant complained of back pain "present diffusely through the thoracic and lumbar spines," and denied having any pain in her legs. Upon an examination, Dr. Serocki observed "minimal diffuse tenderness over the mid and low lumbar spine, as well as both paralumbar and both parathoracic regions," but did not perceive any muscle spasm. He diagnosed Claimant with axial mid and low back pain, and prescribed Ibuprofen. Noting that the physical therapy did not seem to be helping Claimant, he also recommended she discontinue her treatment.

**¶6**        On March 13, 2013, Claimant visited Dr. Serocki for a "Permanent and Stationary Evaluation." Claimant continued to complain of pain in her mid-back that "radiate[d] proximally up towards her neck and distally towards her low back." An examination of Claimant's back revealed no muscle spasm, normal thoracolumbar posture, and a normal gait. Dr. Serocki noted that Claimant had reached a plateau in her recovery after completing a course of conservative treatment, and he did not believe

---

[3]        We consider the evidence in the light most favorable to sustaining the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

[4]        The record indicates Claimant was originally released to work on "full duty" the day of her fall, but was placed on "light duty" a week later.

invasive treatment was warranted. Dr. Serocki concluded Claimant had "reached her point of maximal medical improvement and can be considered permanent and stationary as of [the date of the evaluation, March 13, 2013]," found there was no ratable permanent impairment, and discharged her.

¶7 Based upon Dr. Serocki's evaluation, Dole issued a notice of claim status on March 25, 2013, closing Claimant's claim as stationary with no permanent impairment. Claimant timely requested, and was granted, a hearing. After hearings were held in October and November 2013 and January 2014, the ALJ determined Claimant's condition was stationary, without permanent impairment, as of March 3, 2013;[5] the ALJ later affirmed her decision after Claimant's request for further review. Claimant timely petitioned this Court for special action relief.

## DISCUSSION

¶8 In workers' compensation cases, the claimant bears the burden of proving her condition is causally related to her industrial injury and is not medically stationary, or if the condition is medically stationary, that she has sustained a permanent disability attributable to that injury. *See Lawler v. Indus. Comm'n*, 24 Ariz. App. 282, 284, 537 P.2d 1340, 1342 (1975) (citations omitted). The ALJ is tasked with resolving conflicts in the medical evidence, "and we will not disturb that resolution unless it is 'wholly unreasonable.'" *Gamez v. Indus. Comm'n*, 213 Ariz. 314, 316, ¶ 15, 141 P.3d

---

[5] We note an apparent typographical error in the ALJ's findings and award, which determined Claimant's condition became stationary on March 3, 2013, also identified as "the date of Dr. Serocki's last examination." The record indicates Claimant's last examination with Dr. Serocki actually occurred on March 13, 2013, which is corroborated by the Notice of Claim Status issued by Dole that demonstrated Claimant's "[t]emporary compensation and active medical treatment terminated on 03/13/2013 because [C]laimant was discharged." Therefore, it is evident Claimant's medical condition became stationary on March 13, 2013, rather than March 3, 2013. *See Steward v. Indus. Comm'n*, 69 Ariz. 159, 170, 180, 211 P.2d 217, 224, 231 (1949) (holding the Industrial Commission "may correct its records to reflect the truth where it is apparent that a mistake has been made," and that if the mistake is merely a typographical or clerical error, "the correction may be made without notice, by an order nunc pro tunc") (citing *Hamer v. Indus. Comm'n*, 43 Ariz. 349, 351, 31 P.2d 103, 104 (1934)).

794, 796 (App. 2006) (quoting *Ortega v. Indus. Comm'n*, 121 Ariz. 554, 557, 592 P.2d 388, 391 (App. 1979)).

**¶9**       Claimant essentially argues the ALJ's award was not supported by reasonable evidence because there was a conflict in the medical evidence presented.[6]  We disagree.

**¶10**       Dr. Evan Minkoff, a physician board certified in physical medicine and rehabilitation, examined Claimant on one occasion in April 2013 and testified on her behalf.  Dr. Minkoff testified he noticed "tenderness along the muscles of [her] spine with some tightness," but that this was "the only pertinent positive finding" as the remainder of his examination, which focused on her upper and lower extremities and her cervical and lumbar spine, was essentially normal.  Dr. Minkoff further stated Claimant's sensation to light touch and her range of motion were within normal limits.  Based upon his exam and his review of Dr. Serocki's records, Dr. Minkoff diagnosed Claimant with "thoracic pain, cervical pain and myofascial pain syndrome," and expressed his belief that active care was reasonable and appropriate for treatment of Claimant's symptoms.  Specifically, Dr. Minkoff recommended trigger point injections, which combine a steroid with an anesthetic, to relax the muscles in Claimant's spine in an effort to alleviate some of her pain.  Dr. Minkoff, however, could not say Claimant suffered a permanent impairment.

**¶11**       In contrast, Dr. Scott Krasner, a physician board certified in occupational medicine, independent medical exams, and forensic medicine, testified that he examined Claimant on August 26, 2013, at the request of Dole.  Based upon his examination and review of the medical records, Dr. Krasner opined Claimant's industrial injury was a strain or sprain that had resolved.  He testified he did not find any "objective findings of any pathology related to the industrial injury" that would support or explain Claimant's subjective pain complaints during his exam.  He further testified Claimant exhibited several "Waddell's signs," or non-physiologic responses.  For instance, he reported that when he palpated Claimant's back, she would describe pain responses to even the slightest touch.  He

---

[6]       Claimant also argues that the evidence was not reviewed by qualified professionals.  She does not, however, develop this argument or support it with any legal authority, and therefore, we do not address it further.  *See* ARCAP 13(a)(6) (requiring arguments be supported by citations to relevant facts in the record and applicable legal authority); *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 393 n.2 (App. 2007).

interpreted this response as non-physiological because she did not make similar complaints when her back was touching the chair while she was seated. Additionally, Dr. Krasner observed Claimant walk into his office without placing any weight on her cane, but when he asked her to walk independently in the exam room, she could only do so while grabbing onto other items, purportedly to support her weight. Ultimately, he concluded, consistent with Dr. Serocki's medical opinion, that Claimant's condition was stationary and without a permanent impairment, and she did not require supportive care.

¶12            Even assuming Dr. Minkoff's testimony could support a finding of permanent impairment, the ALJ resolved the conflict in the testimony in favor of the opinions of Drs. Krasner and Serocki. It is the ALJ's role to "resolve all conflicts in the evidence, especially when the conflicts involve expert medical testimony." *Post v. Indus. Comm'n*, 160 Ariz. 4, 8, 770 P.2d 308, 312 (1988) (citing *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398, 542 P.2d 1096, 1097 (1975), and *Phelps Dodge Corp. v. Indus. Comm'n*, 121 Ariz. 75, 77, 588 P.2d 368, 370 (App. 1978)). Because the resolution was based upon a reasonable view of the record, we cannot say it was "wholly unreasonable." *See Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19-20, 695 P.2d 261, 268-69 (1985) (citing *Ortega*, 121 Ariz. at 557, 592 P.2d at 391).

## CONCLUSION

¶13            For the foregoing reasons, the award is affirmed.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : gsh