NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DANIEL D. MCCLAINE, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

RITE OF PASSAGE, *Respondent Employer,*

SCF ARIZONA, *Respondent Carrier*.

No. 1 CA-IC 14-0037
FILED 5-7-2015

Appeal from the Superior Court in Maricopa County
ICA Claim No. 20130-420215
Carrier Claim No. 1205877
The Honorable Paula R. Eaton, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Daniel D. McClaine, Wisconsin
*Petitioner*

Copperpoint Mutual Insurance Company, Phoenix
By Ronald C. Wills
*Counsel for Respondents Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Andrew Wade
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**P O R T L E Y**, Judge:

**¶1**         Daniel McClaine seeks review of the decision of the Administrative Law Judge ("ALJ") finding that he did not sustain a compensable industrial injury.  McClaine raises two issues: (1) whether there was sufficient evidence to support the ALJ's findings, and (2) whether the ALJ erred by finding McClaine not credible.  For the reasons that follow, we affirm the ALJ's award.

## JURISDICTION AND STANDARD OF REVIEW

**¶2**         This court has jurisdiction under Arizona Revised Statutes sections 12–120.21(A)(2),[1] 23–951(A), and Arizona Rule of Procedure for Special Actions 10.  When reviewing findings and awards of the Industrial Commission of Arizona ("ICA"), we defer to the ALJ's factual findings, but review questions of law de novo.  *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003).

## FACTUAL AND PROCEDURAL HISTORY

**¶3**         McClaine alleged that he injured his back while lifting a box of lettuce on March 1, 2012.  Eleven months later, McClaine filed a workers' compensation claim, but SCF Arizona, his employer's insurance carrier, issued a Notice of Claim Status denying the claim.  Two months later, McClaine requested the ICA review his claim.  There were three formal hearings and the ALJ heard testimony from McClaine; Joshua Lopez, who observed the alleged injury; Robert Bowser, who was McClaine's supervisor; and two physicians.  On March 3, 2014, the ALJ issued a decision, and made the following findings:

---

[1] We cite to the current version of the statute unless otherwise noted.

9. Upon a review of the totality of the evidence, I find that [McClaine] and Joshua Lopez lack credibility. Accordingly, any conflicts in the evidence are resolved against [McClaine].

10. The conflict in the medical evidence is resolved in favor of the opinions of Dr. Shapiro as being more probably correct and well founded.

¶4        A month later, McClaine requested the ICA review the ALJ's decision, and the decision was affirmed on review. McClaine appealed.

## DISCUSSION

### I.        Sufficient Evidence

¶5        McClaine maintains that there was insufficient evidence to support the ALJ's findings. We disagree.

¶6        We consider the evidence in a light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n,* 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002). We will not disturb the ALJ's findings unless the conclusions "cannot be reasonably supported on any reasonable theory of evidence." *Phelps v. Indus. Comm'n,* 155 Ariz. 501, 506, 747 P.2d 1200, 1205 (1987). Moreover, the ALJ has a duty to "resolve all conflicts in the evidence and to draw inferences from that evidence." *Johnson–Manley Lumber v. Indus. Comm'n,* 159 Ariz. 10, 13, 764 P.2d 745, 748 (App. 1988).

¶7        Dr. Kuppusamy, one of McClaine's treating doctors who first started seeing McClaine seven months after the incident, testified that when he saw McClaine, McClaine had herniated discs and back pain. Although Dr. Kuppusamy noted that McClaine had not reported any pain before the industrial injury, Dr. Kuppusamy was unable to equate McClaine's back pain with the alleged industrial injury and suspected McClaine, who had prior back surgery, experienced back pain before the alleged industrial injury.

¶8        McClaine also had an independent medical examination by Dr. Shapiro, a doctor selected by SCF Arizona. Dr. Shapiro testified that McClaine's back pain did not correlate with his observations of McClaine's back. While agreeing that McClaine had herniated discs, Dr. Shapiro diagnosed McClaine with degenerative disease of the lumbar spine. As a result, Dr. Shapiro concluded to a reasonable degree of medical probability

that the herniated discs were not caused by the lifting incident but resulted from degenerative disease.

¶9        The ALJ had to determine the facts from the evidence. To the extent that the opinions of Dr. Kuppusamy and Dr. Shapiro were conflicting, the ALJ had to resolve the conflicting testimony. *See Kaibab Indus. v. Indus. Comm'n,* 196 Ariz. 601, 605, ¶ 10, 2 P.3d 691, 695 (App. 2000) ("it is the ALJ, not this court, who has the responsibility of resolving conflicts in expert opinions, and we will affirm an ALJ's resolution of conflicting opinions absent an abuse of his discretion"). Neither doctor testified that lifting the container of lettuce caused McClaine's injury or back pain to a reasonable degree of medical probability, though both had examined McClaine and reviewed the various medical reports from other professionals, as well as MRIs, x-rays, and other records. As a result, based on this record, we conclude there was sufficient evidence to support the ALJ's findings.

## II.    Credibility

¶10       McClaine asserts that the ALJ erred by finding he and his witness, Joshua Lopez, were not credible. We disagree.

¶11       The ALJ is responsible for weighing and resolving conflicts in the evidence. *Villanueva v. Indus. Comm'n,* 148 Ariz. 285, 288, 714 P.2d 455, 458 (App. 1985). Additionally, the ALJ "is the sole judge of witness credibility," *Holding v. Indus. Comm'n,* 139 Ariz. 548, 551, 679 P.2d 571, 574 (App. 1984), because "[t]he credibility determination is beyond the limited role of the reviewing court." *Villanueva,* 148 Ariz. at 288, 714 P.2d at 458. When the testimony of the claimant is "contradictory, inconsistent with other evidence, or directly impeached," the ALJ can reject the testimony. *Holding,* 139 Ariz. at 551, 679 P.2d at 574.

¶12       McClaine testified that he did not have any back pain before the incident. He notified his supervisor, Robert Bowser, three days after the incident and told Bowser that he believed he had re-injured his back that he had had surgery on a few years earlier.[2] Lopez, a co-worker, testified that McClaine bent down and picked up the box of lettuce, said a cuss word, and stopped working. Several days later, Lopez saw McClaine taking some medication and heard Bowser asking McClaine how his back was doing.

---

[2] McClaine was injured in Minnesota in 2007 while working for an assisted living facility and ultimately had back surgery.

Lopez did not notify Bowser about the incident, nor was he present when McClaine notified Bowser.

¶13  Bowser, however, testified that McClaine said that he injured his back at home, and McClaine never reported an industrial injury to him. He did not think anything of McClaine's report that he hurt his back at home because McClaine had regularly complained about back problems. And Bowser testified that he first learned that McClaine complained that he had suffered an industrial injury when he was contacted by the carrier's counsel.

¶14  Additionally, the medical records undermine McClaine's testimony. For instance, McClaine sought medical treatment fifteen days after the injury, but denied having a recent injury and attributed his increased back pain to his chronic back issues that he had had for the past few years. He also reported that his last increase in back pain was a few years ago. And McClaine never told any of his treating doctors about the lettuce-lifting incident.

¶15  Given the conflicting testimony, the ALJ had to resolve the conflict. Based on all the testimony and documents that the ALJ received, the ALJ was free to exercise her discretion as the fact-finder and reject McClaine's version of the events as well as Lopez's testimony. *See Holding,* 139 Ariz. at 551, 679 P.2d at 574 (holding that an ALJ can reject testimony based on contradictions about collateral issues). Consequently, because there is evidence in the record which supports the credibility determination, the ALJ did not abuse her discretion.

## CONCLUSION

¶16  For all of the foregoing reasons, we affirm the award.



Ruth A. Willingham · Clerk of the Court
FILED: ama

5