NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSE L. REYES, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

PINNACLE PEAK COUNTRY CLUB, *Respondent Employer,*

THE STANDARD FIRE INSURANCE COMPANY, *Respondent Carrier.*

No. 1 CA-IC 17-0005
FILED 9-21-2017

Special Action - Industrial Commission
ICA Claim No. 20103-140200
Carrier Claim No. 127-CB-A7N9837-K
The Honorable C. Andrew Campbell, Administrative Law Judge

**AFFIRMED**

APPEARANCES

Jose L. Reyes, Phoenix
*Petitioner Pro Se*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent ICA*

Lundmark, Barberich, La Mont & Slavin, P.C.
By R. Todd Lundmark and Danielle S. Vukonich
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Judge Maurice Portley[1] joined.

---

**M c M U R D I E**, Judge:

**¶1** This is a special action review of an Industrial Commission of Arizona ("ICA") decision denying Jose L. Reyes his petition to reopen an industrial injury claim. For the following reasons, we affirm the decision of the Administrative Law Judge ("ALJ").

### FACTS AND PROCEDURAL BACKGROUND

**¶2** Reyes worked as a groundskeeper for Pinnacle Peak Country Club since 2002. On November 4, 2010, Reyes injured his left hand when his thumb got caught in the handle of a lawnmower. Reyes's claim was accepted as arising out of his employment and he received compensation for his injury effective November 4, 2010. On December 15, 2010, Dr. Beauchene performed a trigger finger release surgery on his left thumb. Reyes was initially placed on full duty effective March 31, 2011, but reverted to light duty on April 15, 2011. In June 2011, Reyes was examined by Dr. Peter J. Campbell, who opined Reyes "reached a permanent and stationary status [if the MRI recommended "to rule out any pathology" should prove negative]" and "no physical therapy would be considered warranted at this time."

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

**¶3**        Reyes was discharged from his employment on January 11, 2012, and his claim was closed.[2] In his January 2012 medical report, Dr. Campbell noted Reyes's "traumatic stenosing tenosynovitis of the thumb . . . had been treated successfully with surgical intervention," and no further treatment was needed. Dr. Campbell also concluded Reyes could return to work as a groundskeeper without any work restrictions, and that "[d]ue to the persistent mild pain at the location of the surgical procedure, a permanent impairment of 2% to the nondominant upper extremity is reasonable [in accordance with the AMA Guidelines, 6th Edition]." On February 7, 2012, Reyes was found permanently disabled with "2% functional loss of minor arm," for which he was fully compensated pursuant to Arizona Revised Statutes ("A.R.S.") section 23-1044(B)(13).[3]

**¶4**        Two years later, in April 2014, Reyes began treatment with a hand surgeon, Dr. Paul Zidel. On January 21, 2016, Dr. Zidel made "minimal findings" after he performed an exploratory surgical procedure on Reyes's scarring.

**¶5**        On March 16, 2016, Reyes filed a petition to reopen his workmen's compensation claim, which was denied. Reyes timely appealed, and a hearing took place on August 23, 2016, and November 28, 2016. The ALJ denied Reyes's request to reopen his claim. The ALJ found "[t]here is not a conflict in the medical evidence in this case," and Reyes "failed to meet his burden of establishing a new, additional, or previously undiscovered medical condition."

**¶6**        Upon Reyes's request, the ALJ issued a decision upon review, in which he affirmed his previous denial of Reyes's petition. This special action followed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(2), 23-951(A), and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

**¶7**        We defer to the ALJ's factual findings, but review questions of law *de novo. Lane v. Indus. Comm'n*, 218 Ariz. 44, 47, ¶ 9 (App. 2008). "[W]e consider the evidence in the light most favorable to upholding the award." *Id.* We will affirm if the award is supported by reasonable evidence. *Delgado*

---

[2]        On January 8, 2015, the parties stipulated that January 11, 2012, would be the applicable comparative date.

[3]        We cite the current version of applicable statutes and rules when no revision material to this case has occurred.

*v. Indus. Comm'n*, 183 Ariz. 129, 131 (App. 1994). The ALJ is the sole judge of witness credibility and resolves all conflicts in the evidence and draws warranted inferences from it. *See Malinski v. Indus. Comm'n*, 103 Ariz. 213, 217 (1968); *see also Ortega v. Indus. Comm'n*, 121 Ariz. 554, 557 (App. 1979) ("[I]t is the hearing officer's obligation to resolve conflicting medical evidence, and his resolution will not be disturbed unless it is wholly unreasonable.").

¶8　　　　We construe Reyes's opening brief to argue he is entitled to compensation for treatment after his workmen's compensation claim's closure because his subsequent condition is causally related to his industrial injury from 2010.[4] The Respondents argue the ALJ's resolution was supported by substantial evidence and should be affirmed.

## A.　　Substantial Evidence.

¶9　　　　Reyes had the burden to affirmatively show he was entitled to compensation. *See Malinski*, 103 Ariz. at 216.　Because the Workmen's Compensation Act "does not contemplate a general health and accident fund[,] . . . there must be a causal connection between the employment and the injury." *Dunlap v. Indus. Comm'n*, 90 Ariz. 3, 6 (1961).

¶10　　　Once a claim is closed upon distribution of benefits, an employee may reopen a claim to gain additional benefits by filing a petition "upon the basis of a new, additional or previously undiscovered temporary or permanent condition," A.R.S. § 23-1061(H), *and* upon demonstrating "a causal relationship between [that] condition and the prior industrial injury." *Sun Valley Masonry, Inc. v. Indus. Comm'n*, 216 Ariz. 462, 465–66, ¶ 11 (App. 2007). The burden to present sufficient evidence to support reopening remains with the claimant. *Id.* at 465, ¶ 11. An expert medical opinion is required to demonstrate a causal relationship between the industrial injury and the claimant's condition when the causal relationship

---

[4]　　　Reyes's opening brief lacks references to legal authority and the record, which could be considered abandonment or waiver of his claim. *See* ARCAP 13(a)(7)(A) (requiring appellant's brief to contain arguments with "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"); *State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim."). However, in our discretion, we decide this appeal on its merits based on our own review of the record. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (courts prefer to decide each case upon its merits rather than dismissing on procedural grounds).

is not readily apparent to a layperson. *W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 528 (App. 1982).

¶11        Reyes selected Dr. Zidel, a board-certified plastic surgeon with a certificate of additional qualifications in hand surgery, to support his petition to reopen. Dr. Zidel testified there was no objective change in Reyes's condition since the closure of his claim in January 2012, including the results of Reyes's second surgery. Dr. Zidel also testified regarding his findings from 2014, where he stated it was "difficult to recreate [Reyes's] symptomatology," Reyes's exploratory surgery had "minimal findings," and his "decreased sensation [was] inconsistent on testing." Reyes himself testified his condition "[is] the same" now as it was when his claim was closed in January 2012.

¶12        Respondents' medical expert Dr. Campbell, a surgeon board-certified in hand and orthopedic surgery, reexamined Reyes in July 2016 and noted "[h]is symptoms remain specifically the same as they were in 2010." *See Modern Trailer Sales of Ariz., Inc. v. Indus. Comm'n*, 17 Ariz. App. 482, 486 (1972) (when a medical report contains sufficient information, medical testimony is not required). Dr. Campbell further concluded "there is likely a significant psychosocial or secondary gain component to the claimant's subjective report of pain" and "no objective findings suggest a need for any work restrictions."

¶13        Because Reyes failed to introduce any medical evidence supporting the reopening of his claim, he did not meet his burden of proof. *See Malinski*, 103 Ariz. at 216. The evidence in the record supports the ALJ's award. *See Chalupa v. Indus. Comm'n*, 17 Ariz. App. 386, 391 (1972).

**B.        Medical Records Provided on Appeal.**

¶14        Reyes argues the ALJ failed to consider his documentation. As part of his opening brief, Reyes attached: (1) an x-ray of his left hand completed on April 25, 2014; and (2) an ultrasound of his left upper extremity completed on the same day, with accompanying pictures. The medical evidence submitted by Reyes on appeal was part of the ALJ's record below. We presume the ALJ considered all relevant evidence before rendering his decision. *See Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975).

## CONCLUSION

**¶15**       Because the evidence in the record supports the ALJ's award and decision upon review, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA