NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARTHA ARVALLO, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

MASTER INTERNATIONAL CORP DBA MASTER ELECT, *Respondent Employer,*

TRAVELERS INDEMNITY CO OF CONNECTICUT, *Respondent Carrier.*

No. 1 CA-IC 25-0007

FILED 12-30-2025

Special Action – Industrial Commission
ICA Claim No. 20223430252
Carrier Claim No. 042-CB-FXW9169-P
The Honorable Eric W. Slavin, Administrative Law Judge

**AFFIRMED**

COUNSEL

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Lundmark Barberich La Mont & Puig PC, Phoenix
By Javier Arturo Puig
*Counsel for Respondent Employer*

Lundmark Barberich La Mont & Puig PC, Phoenix
By David T. Lundmark
*Counsel for Respondent Insurance Carrier*

---

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Michael S. Catlett joined.

---

**J A C O B S**, Judge:

**¶1**　　　　Martha Arvallo challenges an Industrial Commission award denying her petition to reopen her November 2022 industrial injury claim. Martha argues the Administrative Law Judge (ALJ) erred by rejecting the testimony of her medical expert in favor of a competing expert's testimony, and by finding she failed to establish a new, additional, or previously undiscovered condition related to her injury. Because reasonable evidence supports the ALJ's findings and award, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**A.　　Martha Is Injured at Work and Receives Treatment.**

**¶2**　　　　On November 21, 2022, Arvallo was working in a warehouse as a Picking Associate for Master International Corporation DBA Master Electronics when she felt a "pop" across her back, neck, and right shoulder while lifting boxes. At her medical examination by Concentra on November 28, 2022, she reported sharp, dull, aching, and burning pain across the right lateral, posterior, and superior shoulder, radiating toward the right side of her neck. Martha also reported a decreased range of motion and stiffness, worsened by arm elevation, lifting, and shoulder movement.

**¶3**　　　　Concentra diagnosed a right shoulder strain and right trapezius strain and prescribed conservative care, including non-steroidal anti-inflammatory drugs, 600 milligrams of ibuprofen three times daily as needed, physical therapy to address deficits in motion and strength, and activity restrictions. Concentra allowed her to continue working full shifts but limited her to lifting, pushing, and pulling no more than ten pounds.

On March 16, 2023, the Industrial Commission found the injury compensable and approved her request to treat with Dr. Ruchir Gupta, a pain specialist. Martha's claim was ultimately closed effective June 28, 2023, without any finding of permanent disability.

### B. Martha Continues Experiencing Symptoms After Claim Closure and Undergoes Post-Closure Imaging.

**¶4** After her claim closed, Martha continued to report neck and right shoulder discomfort. By January 2024, an emergency-department note documented chronic right-sided neck pain dating back to the November 2022 lifting incident. The note stated Martha awaited further evaluation by Dr. Gupta. She denied any new trauma preceding her worsening symptoms. As part of this ongoing treatment, post-closure imaging showed multiple levels of degenerative disc disease and a lack of facet pathology. These studies formed the basis of the conflicting medical assessments presented at the reopening hearing.

### C. After the Carrier Denied Martha's Petition to Reopen, She Requested a Hearing, During Which the ALJ Received Expert Testimony from Drs. Gupta and Chen.

**¶5** Martha filed a petition to reopen her claim on March 22, 2024, seeking additional cervical treatment Dr. Gupta recommended. That recommendation was based on Martha reporting new right shoulder blade pain distinct from her earlier neck symptoms. A subsequent right shoulder MRI showed subacromial and subdeltoid bursitis. The carrier denied reopening in an April 8, 2024 Notice of Claim Status, and Martha filed a Request for Hearing on April 22, 2024.

**¶6** At the hearing, Dr. Gupta testified for Martha about his examinations of and treatment for her neck and right shoulder pain. To evaluate her ongoing pain, he administered two cervical medial branch blocks ("MBBs") in March and April of 2023, both of which produced approximately 80% relief, and performed an intra-articular shoulder injection in September 2024. Based on that response, he recommended proceeding with cervical radiofrequency ablations ("RFAs"), which could be provided twice yearly as supportive care. Dr. Gupta acknowledged that by 2024 Martha did not report neck pain and that her predominant complaint was right shoulder pain. He explained that patients may focus on their most severe pain source and opined that Martha "still had neck pain," even if she did not report it during that visit. He further testified that the bursitis was anatomically separate from the cervical facets implicated by Martha's prior MBBs, which he conceded was not related to the

November 2022 industrial incident. Ultimately, he admitted that he could not identify any "new, additional, or previously undiscovered" condition attributable to the November 2022 injury.

¶7 Dr. Qing-Min Chen testified for defendants. After performing an independent medical examination and reviewing the medical records, including the December 2023 cervical computed tomography scan ("CT scan"), he concluded that Martha's cervical findings reflected only age-related degenerative changes and that no objective change had occurred since the June 2023 closure. Because the CT scan revealed no facet pathology, the condition RFAs are designed to treat, he opined that RFAs were not medically indicated. He further testified that the treatment for the industrial injury involved only right shoulder and trapezius strains, and that Martha had no new, additional, or previously undiscovered condition causally related to the work injury.

¶8 The ALJ found Dr. Chen's opinions more probably correct and well-founded. The ALJ emphasized the absence of facet pathology on imaging, the lack of neck pain at the time of the Independent Medical Examination ("IME"), and the degenerative nature of the cervical CT scan findings. The ALJ concluded that Martha's industrial injury was limited to a resolved right shoulder and trapezius strain and that her current neck complaints were unrelated to the work incident. Because the record did not establish a new, additional, or previously undiscovered condition arising since claim closure, the ALJ denied reopening and later affirmed that decision on review. This statutory special action followed.

## DISCUSSION

¶9 An applicant seeking to reopen an industrial claim bears the burden of proving the existence of a "new, additional or previously undiscovered" condition causally related to the prior industrial injury. A.R.S. § 23-1061(H). An increase in subjective pain cannot support reopening unless it is accompanied by an objective change in physical findings. *Id.*; *see also Polanco v. Indus. Comm'n*, 214 Ariz. 489, 490 ¶ 1 (App. 2007). On review, we consider the evidence in the light most favorable to sustaining the ALJ's award and must affirm if the decision is supported by any reasonable theory of the evidence. *Pac. Fruit Express v. Indus. Comm'n*, 153 Ariz. 210, 214 (1987).

¶10 Travelers argues that Martha has waived appellate review because her opening brief does not comply with ARCAP 13(a). While the brief discusses certain key facts, it does not contain citations to the record

4

or legal authority. Though the brief does not comply with ARCAP 13, we exercise our discretion not to treat those deficiencies as a waiver and address the merits of the ALJ's decision. *See State v. Smith,* 203 Ariz. 75, 79 ¶ 12 (2002); *In re Aubuchon*, 233 Ariz. 62, 64 ¶ 6 (2013).

## I.     The ALJ Did Not Err in Adopting Dr. Chen's Medical Opinions.

¶11     Martha argues the ALJ erred by agreeing with Dr. Chen's testimony to deny her petition to reopen. She argues that the imaging from 2023 demonstrates cervical abnormalities she believes were caused by her November 2022 work injury. She argues that her care involved multiple providers, such as Dr. Gupta, and it was improper to rely on the opinion of a single expert.

¶12     When medical experts dispute whether such a condition exists, the ALJ must resolve the conflict, and we do not disturb the ALJ's resolution unless it was "wholly unreasonable." *Gamez v. Indus. Comm'n*, 213 Ariz. 314, 316 ¶ 15 (App. 2006) (quoting *Ortega v. Indus. Comm'n*, 121 Ariz. 554, 557 (App. 1979); *see also Pima Cmty. Coll. v. Indus. Comm'n*, 137 Ariz. 137, 140 (App. 1983). We do not weigh the evidence, but instead view it in the light most favorable to sustaining the award. *Scottsdale Mem'l Hosp. v. Indus. Comm'n*, 158 Ariz. 95, 98-99 (App. 1988).

¶13     While Drs. Gupta and Chen differed about whether Martha's original 2022 injury involved the neck, they did not disagree about the dispositive question: whether Martha developed any new or previously undiscovered condition causally related to the 2022 industrial injury after the June 2023 claim closure. Dr. Gupta testified he could not identify any such new condition. He acknowledged Martha reported no neck symptoms in 2024, that his cervical exam showed no new findings, and that the subdeltoid bursitis was anatomically unrelated to the cervical facets implicated in her earlier MBBs. Although Dr. Gupta continued to recommend cervical RFAs based on her prior 2023 response to diagnostic blocks, he confirmed that this reflected supportive care, not the discovery of new pathology since claim closure.

¶14     Dr. Chen testified that the December 2023 CT scan showed only chronic, age-related cervical spondylosis and that these findings were unchanged from Martha's pre-closure imaging. He explained that RFAs are appropriate only when facet-joint pathology is present, yet the imaging contained no such abnormalities. In fact, the December 2023 radiology report specifically described an "[u]nremarkable appearance of the lamina, facet joints, and spinous processes." Based on his review and examination,

Dr. Chen opined that Martha's industrial injury consisted solely of a right shoulder strain and trapezius strain, both of which had resolved by the June 2023 claim closure, and that there was no new, additional, or previously undiscovered condition causally related to the November 2022 incident.

**¶15**    Given this record, the ALJ reasonably concluded that no qualifying post-closure condition existed. The ALJ found Dr. Chen's opinions "more probably correct and well-founded," relying on (1) the absence of facet pathology to support RFA treatment, (2) Martha's lack of neck symptoms at the IME, and (3) the 2023 imaging, which showed only degenerative changes rather than new findings. The ALJ also noted that Dr. Gupta himself agreed that the 2024 bursitis diagnosis was unrelated to the industrial injury and that he could not identify a new condition attributable to the November 2022 incident.

**¶16**    The ALJ reasonably resolved the medical conflict. Dr. Chen's testimony provided a sufficient evidentiary basis for the conclusion that Martha did not establish a qualifying new or previously undiscovered condition as required by A.R.S. § 23-1061(H). Although Martha disagrees with that assessment, "the findings of the administrative law judge and the Commission's award must be affirmed if supported by any reasonable theory of the evidence." *Magma Copper Co. v. Indus. Comm'n*, 139 Ariz. 38, 49 (1983). Substantial evidence supports the ALJ's findings here. We thus conclude that the ALJ's denial of the petition to reopen is reasonably supported by the evidence.

**CONCLUSION**

**¶17**    We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR